[652 NYS2d 93]

In the Matter of JONATHAN V. POLLACK (Admitted as JONATHAN VOGEL POLLACK), an Attorney, Resignor.

Second Department, January 13, 1997

## APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.,* Syosset *(Grace D. Moran* of counsel), for Grievance Committee for the Tenth Judicial District.

*Jonathan V. Pollack,* resignor *pro se.*

## OPINION OF THE COURT

Per Curiam.

Jonathan V. Pollack has submitted an affidavit dated November 11, 1996, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Mr. Pollack was admitted to the practice of law by the Appellate Division of the Supreme Court in the Second Judicial Department on June 22, 1960, under the name Jonathan Vogel Pollack.

Mr. Pollack avers that he is currently the subject of a pending investigation by the Grievance Committee for the Tenth Judicial District and that the Grievance Committee would seek authorization from the Appellate Division, Second Judicial Department, to prosecute a disciplinary proceeding against him based on those charges. Mr. Pollack acknowledges his misconduct in representing an estate in the sale of real property. It was agreed that Mr. Pollack would retain the down payment of $13,300 to pay the estate taxes of $8,246.25 and other estate expenses. He admittedly used estate funds to pay mortgage arrears to avoid foreclosure on his own home.

Mr. Pollack acknowledges that he could not successfully defend himself on the merits against any disciplinary charges based upon these facts. He avers that his resignation is freely and voluntarily tendered and that he has not been subjected to coercion or duress by anyone. Mr. Pollack is fully aware of the implications of submitting his resignation, including the fact that he is barred from seeking reinstatement for at least seven years.

The proffered resignation indicates Mr. Pollack's awareness that pursuant to Judiciary Law § 90 (6-a), an order permitting him to resign could direct him to make monetary restitution to any persons whose money or property was misappropriated or misapplied or to reimburse the Lawyers' Fund for Client Protection of the State of New York for same. Finally, the respondent acknowledges his awareness that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him and he specifically waives the opportunity to be heard in opposition thereto.

Grievance Counsel recommends that the Court accept the proffered resignation. Under the circumstances, the resignation of Jonathan V. Pollack is accepted and directed to be filed. Accordingly, Jonathan V. Pollack is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

Mangano, P. J., Bracken, Rosenblatt, Miller and Goldstein, JJ., concur.

Ordered that the resignation of Jonathan V. Pollack is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Jonathan V. Pollack is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Jonathan V. Pollack shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Jonathan V. Pollack is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (a), (b) and (e), Jonathan V. Pollack is directed to make restitution in the amount of $12,100 to the estate of Helen Hoppe, less the amount of any awards to the estate by the Lawyers' Fund for Client Protection of the State of New York arising out of the respondent's misappropriation or misapplication, without prejudice to any further restitution which may be found due.